Not Intended for Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT MCKINLEY WINSTON,** ) | |
| ) | |
| Petitioner**,** ) | Case No. 7:06CV00054 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Robert McKinley Winston, pro se*

Petitioner, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). In his motion, Winston requests re-sentencing based on the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (January 12, 2005). Winston also argues that his § 2255 motion is timely filed, pursuant to § 2255 para. 6(3) because he submitted it within one year of the *Booker* decision. Because I find that *Booker* does not apply retroactively to Winston's case, I must summarily dismiss his § 2255 motion.

## I. Procedural History**.**

Winston pled not guilty in this court to a charge of possession of a firearm as a convicted felon. A jury found Winston guilty. The court sentenced Winston on

August 1, 2002, to 275 months in prison. Winston appealed. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on June 16, 2003, and denied his petition for rehearing on August 13, 2003. Winston signed and dated his § 2255 motion on January 10, 2006.

II. Analysis.

Winston alleges that his sentence violates the rule in *Booker*. The Supreme Court, in its *Booker* decision, extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive).

Winston's conviction and sentence became final on November 13, 2003, when Winston's opportunity to file a petition for a writ of certiorari expired. *See United States v. Clay*, 537 U.S. 522, 525 (2003). Since Winston's conviction became final prior to the decision in *Booker*, I find that *Booker* does not apply retroactively to his § 2255 motion for collateral review. Because Winston's motion relies on *Booker*, I must dismiss his motion. Moreover, because *Booker* does not apply to his case, it does

not provide a basis on which to find his § 2255 motion timely under § 2255 para. 6(3), and it is clearly untimely under § 2255 para. 6(1).

An appropriate Final Order will be entered herewith.

DATED: January 24, 2006

/s/ James P. Jones
Chief United States District Judge